CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

December 30, 2024
LAURA A. AUSTIN, CLERK
BY: _____
s/A. Beeson
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **DAKOTAH CHEYENNE HOSEY,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 7:24cv00037** |
| | ) | |
| **v.** | ) | **OPINION and ORDER** |
| | ) | |
| **DUFFIELD REGIONAL JAIL,** | ) | **By:  Robert S. Ballou** |
| **Defendant.** | ) | **United States District Judge** |

Plaintiff Dakotah Cheyenne Hosey, a Virginia inmate proceeding *pro se*, has filed a civil rights action pursuant to 42 U.S.C. § 1983, alleging that she has served her DOC time and is supposed to be transferred to a program, but the jail has refused to provide her any information about her DOC record so that she can be transferred to the program, thereby denying her due process rights.  Upon review of the Complaint as required by 28 U.S.C. § 1915A, I must dismiss the suit for the reasons stated below.

Section 1983 provides a cause of action against a "person" who, acting under color of state law, violates the constitutional rights of another.  42 U.S.C. § 1983; *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017).  Liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001).  A proper claim requires factual details about a defendant's personal involvement in the violation of a plaintiff's rights.  *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017).  A jail is not a person within the meaning of § 1983 and lacks the capacity to be sued.  *McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 893–94 (E.D. Va. 1992).

Further, it is unclear if plaintiff is seeking relief for denial of due process rights, which is a proper subject of an action under § 1983, or if she is seeking release from current confinement to be transferred to a program that she is supposed to be in under her sentencing order, in which

case, this matter should be filed as a habeas corpus matter rather than under § 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 484–85 (1973) (holding that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody," which includes allegations that one is "unlawfully confined in the wrong institution.").

For the reasons stated, the Complaint is **DISMISSED without prejudice**, and the Clerk is directed to **STRIKE** this matter from the docket of the court.

The Clerk shall send a copy of this order to the *pro se* plaintiff.

Enter:  December 30, 2024

*/s/ Robert S. Ballou*

Robert S. Ballou
United States District Judge